# GILBERT *v.* BALLINGER.

---

PUBLIC LANDS; EQUITY; PLEADING.

1. If, instead of issuing a patent to an entryman of public land who had fully complied with statutory requirements, and in whom the beneficial title to the land had become vested, the Secretary of the Interior, without jurisdiction, entertained a contest, *it would seem* that a contention by the Secretary that a suit to compel him to issue the patent was in reality a suit against the United States would be untenable.

2. A party claiming the application of the maxim, "Equity regards that as done which ought to be done," must show that he has done everything necessary to impose the duty upon the other party.

3. In a suit to compel the Secretary of the Interior to issue a patent to
an entryman of public land, a statement in the bill of complaint that
the complainant "duly submitted his final proof upon said entry"
to the local receiver of the land office is the statement of a conclu-
sion only, which is not admitted by demurrer. To overcome the pre-
sumption of legality and regularity that attaches to the action of
the local land officer, it is, at least, necessary to allege specifically
the nature of the proofs submitted.

4. *Quære,* whether a court of equity has jurisdiction to entertain a suit
to compel the Secretary of the Interior to issue a patent to an entry-
man of public land, where the suit is also to restrain the cancelation
of the complainant's entry.

No. 2188.   Submitted December 6, 1910.   Decided January 3, 1911.

HEARING on an appeal by the plaintiff from a decree of the
Supreme Court of the District of Columbia sustaining a de-
murrer to and dismissing a bill for an injunction.   *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decree sustaining a demurrer to **and**
dismissing a bill for injunction.

The bill filed by Levi M. Gilbert against Richard A. Ballin-
ger, Secretary of the Interior, alleges the following facts: That
on May 9, 1901, complainant made a homestead entry in the
Oregon land office, of a quarter section of land, in accordance
with the provisions of sec. 2289, Rev. Stat. U. S. Comp. Stat.
1901, p. 1388, as amended by the acts of August 15th, 1894,
and May 18th, 1900.   That he resided upon said land in good
faith, and cultivated and improved the same for three years
and until October 18th, 1904, when he "duly submitted his final
proof upon said entry at the United States district land office
wherein the land is situated."   That upon the submission of said
final proof, relator tendered to the district land officers the fees
and money due the United States upon said final proof, and
that a portion of said fee was received, and a portion thereof
refused, by said district land officers, and that said officers, in
violation of their duties, failed and refused to accept all of said

fees and money, and failed and refused to give to the relator a receiver's receipt, or any receipt, for said money and fees. That therefore, in contemplation of law and equity, a receiver's receipt for the fees and money due upon said final proof was issued to the relator on October 18th, 1904.

"That no contest or protest against the validity of relator's homestead entry was filed or pending within two years after the submission of his final proof and the issuance of his receiver's receipt, as aforesaid, and that said entry thereupon became and was confirmed for patent, under and by virtue of the proviso to sec. 7 of the act of March 3, 1891."

Subsequent allegations are to the effect that one King filed an alleged affidavit of contest on October 30, 1907, against said entry, which contest the Interior Department permitted to come to a hearing in the local land office on May 26, 1908.

That the Assistant Secretary of the Interior, without jurisdiction, signed an order in said contest, ordering the cancelation of complainant's said entry. That the Secretary refused to consider the cause. That complainant was entitled to an appeal from said order to the President, which was denied him. That the Assistant Secretary did not find any facts which would, if true, warrant his action; and failed to find that complainant's entry was allowed for land not subject to entry, or that said entry was allowed on false testimony. That complainant has exhausted his remedies before the Department of the Interior, and if its action is carried into effect he will suffer irremediable injury.

The prayers are for an injunction to restrain the cancelation of complainant's entry, and for a permanent prohibitive and mandatory injunction, prohibiting the cancelation of complainant's homestead entry, and commending defendant to order a patent to issue to complainant upon said entry.

The grounds of the demurrer were: 1. That the bill shows that no receiver's receipt upon any final entry has ever been issued. 2. That no patent had been issued, and the Department had held the entry for cancelation after hearing and final decision thereon by the Department. 3. That the title to the land

being involved, the United States are a necessary party, and there is no authority for suing them.

*Mr. Webster Ballinger* for the appellant.

*Mr. Oscar Lawler, Mr. F. W. Clement,* and *Mr. C. Edward Wright* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The demurrer was sustained upon what particular ground does not appear, and the bill was dismissed. If, as contended by the appellant, his title to the land became vested by full compliance with the act of Congress, that there was no jurisdiction to entertain the contest, and nothing remained for the Secretary but the plain duty of ordering the patent to issue, there would seem to be no ground for urging that the suit is in reality against the United States. In the view that we have taken of the pleadings, it is unimportant to discuss this question.

Assuming that the United States are not a necessary party to the suit, we are of the opinion that the allegations of the bill do not entitle the complainant to the relief prayed, and that the demurrer was correctly sustained.

Relying upon his allegations of entry, cultivation for the required period, and tender of the fees and money due the United States on October 18th, 1904, the appellant's contention is that, after the lapse of two years from that date, there being no pending protest or contest, his right to the land and the issuance of a patent therefor became vested, by virtue of the provisions of the proviso to sec. 7 of the act approved March 3, 1891 (26 Stat. at L. 1099, chap. 561, U. S. Comp. Stat. 1901, p. 1521), which reads as follows:

"That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land, under the homestead, timber culture, desert land, or pre-emption laws, or under this act, and when there shall be

no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him, but this proviso shall not be construed to require the delay of two years from the date of said entry before the issuance of a patent therefor."

Although no receiver's receipt in fact was issued to him upon his tender of proofs and the money and fees due, his contention is, as stated in his bill: "That therefore, in contemplation of law and equity, a receiver's receipt for the fees and money due upon said final proof was issued to the relator on October 18th, 1904."

If the maxim, "Equity regards that as done which ought to be done," that has been invoked, be applicable at all in matters of this nature, it certainly must be made plainly to appear that the party claiming the application of the maxim has done everything necessary to impose the duty upon the other party. It would seem that if complainant had in fact done everything necessary to entitle him to a receiver's receipt on October 18th, 1904, and the same had been denied him in violation of the plain duty of the district land officers imposed by the statute law, his proper course would have been to appeal to the Secretary, and not to appear to acquiesce in the action of his subordinates.

Be this as it may, the facts alleged in the bill do not show that he was clearly entitled to the receipt upon his tender of proof and money. Complainant admits, necessarily, that his entry of the land is governed by and subject to the conditions imposed by sec. 2291, Rev. Stat. U. S. Comp. Stat. 1901, p. 1390. This section provides that no certificate shall be given or patent issued until the expiration of five years—since reduced to three—from the date of entry. If, at the expiration of such time, or at any time within two years thereafter, the entryman shall prove by two credible witnesses that he has resided upon or cultivated said land for the necessary time succeeding the filing of the affidavit, and makes affidavit that no part of such land has been alienated, except as provided by sec. 2288, and that he

will bear true allegiance to the government of the United States, then, if, at that time, a citizen of the United States, he shall be entitled to a patent, as in other cases provided by law.

None of these special conditions are repealed or changed by the act of March 3, 1891.

The receiver and register of the local land office are charged with the duty of receiving the entry and the fees imposed by law, and proof of settlement and improvement required by law shall be made to their satisfaction.

The regulations of the Interior Department—consistent with the statutes—prescribe that upon proper proof of compliance with the law and payment to the receiver of the fees and money due, the receiver shall issue his certificate and make proper returns to the General Land Office, as a basis of a patent for the land. Proof of residence, occupation, or cultivation, the affidavit of nonalienation, and the oath of allegiance, shall be transmitted to the register and receiver, with the fees and charges allowed by law, for their examination and approval. If satisfied with the sufficiency of the transmitted proof, and no objection appears, they will proceed to issue the receipt and certificate. These officers are not required to concurrently pass upon these proofs; but both must be satisfied that the conditions of the law have been complied with before the approval and issue of the certificate and receipt that are the necessary basis of the patent to which the entryman then becomes entitled. *Potter* v. *United States,* 107 U. S. 126–129, 27 L. ed. 330, 331, 1 Sup. Ct. Rep. 524; *Smith* v. *United States,* 170 U. S. 372–377, 42 L. ed. 1074–1076, 18 Sup. Ct. Rep. 626.

When these officers refuse to issue the necessary receipt and certificate, it is to be presumed that they do so in accordance with their duty, because not satisfied with the proofs.

It is not sufficient to allege, as this bill does, that complainant "duly submitted his final proof upon said entry." This is but a conclusion of the pleader.

To overcome the presumption of legality and regularity that attached to the action of the local land officers, it was, at least, necessary to allege specifically the character and nature of the

proofs submitted, in order that the court, upon demurrer admitting their truth, may be able to determine whether all of the precedent conditions of the law were fully complied with.

This renders it unnecessary to consider the other questions raised by the bill as to the contest, and the want of power of the Assistant Secretary to entertain and determine the same. No question has been raised in respect of the jurisdiction of equity to compel the issue of a patent to land, the prayer for which has been joined with the prayer to restrain the cancelation of the complainant's entry. Therefore it has not been considered, and is neither affirmed nor denied.

For the reasons given the decree will be affirmed, with costs.

*Affirmed.*